## ARMSTRONG v. LOGAN, *Appellant.*

### Division Two, May 2, 1893.

**Equity:** SETTING ASIDE DEED: CONFIDENTIAL RELATION.   Plaintiff, a woman fifty-seven years old, of limited information, and possessing less than ordinary intelligence, conveyed in fee for an inadequate consideration her land to defendant, reserving to herself a life estate. Defendant's father and mother were confidential friends of plaintiff and defendant's father had as attorney transacted business for her, and the conveyance was made by plaintiff without the opportunity of obtaining disinterested advice, and under the belief that she was executing a will. *Held*, that the evidence was sufficient to support the decree setting aside the conveyance, the plaintiff being first required to refund to defendant the amount expended by him in the purchase.

*Appeal from Johnson Circuit Court.*—HON. CHAS. W. SLOAN, Judge.

AFFIRMED.

*James W. Suddath*, for appellant.

(1) One who seeks relief in equity on the ground of fraud in procuring his signature to an instrument must prove the fraud alleged by substantial evidence, and the evidence must be clear and convincing. *Jackson v. Wood*, 88 Mo. 76; *Shields v. Hickey*, 26 Mo. App. 194.   (2) Where actual fraud is charged, as in this case, it must be proved, not conjectured. Facts which give rise only to suspicion of its existence do not establish it. *Priest v. Way*, 87 Mo. 16.   (3) While fraud may be inferred, this does not mean that it may be assumed. *Funkhouser v. Lay*, 78 Mo. 458.   (4)

Where on a charge of fraud the evidence is as consistent with honesty as with dishonesty, it will be construed in favor of the former, and in such case it will be presumed to be honest. *Webb v. Darby*, 94 Mo. 621; *Shinnabarger v. Shelton*, 41 Mo. App. 147; *Rumbolds v. Parr*, 51 Mo. 592; *Ames v. Gilmore*, 59 Mo. 537; *Chapman v. McIlrath*, 77 Mo. 38. (5) Instead of the conduct of defendant and his father and his mother toward plaintiff being subject to criticism for fraud or unfairness, it is due them to say, this charge is wholly unfounded, and in .the light of the rule above, announced, their conduct is characterized by fairness and kindness to plaintiff throughout. *Mateer v. Railroad*, 105 Mo. *loc. cit.* 354. (6) It was not incumbent on the officer taking her acknowledgment to this deed to read it to her or to explain the. contents; she told the officer she knew what it was; she acknowledged it as her deed. The full design of the law was accomplished by the officer. *Drew v. Arnold*, 85 Mo. *loc. cit.* 131. (7) There is no inadequacy of consideration so as to be a ground for setting aside this deed. It is to the situation at the time, and as matters then stood, that the court should look and that regard must be had. *McClure v. Lewis, supra*, p. 559.

*O. L. Houts* for respondent.

, (1) This transaction amounted to a gift from respondent to appellant, who stood in a confidential relation to respondent, and is presumptively void. *Gay v. Gilliland*, 92 Mo. 250; *Hall v. Nappenberger*, .97 Mo. 509. (2) It is not confined to parent and child, client and attorney, principal and agent, patient and medical adviser. *Street v. Gross*, 62 Mo. 226. (3) The burden then rested upon appellant to show adequate consideration and the utmost fairness. *Street v. Gross, supra*. (4) Actual fraud need not be proven.

All presumptions are against the conveyance, though grantees testified everything was fair. *Yosti v. Langbran*, 49 Mo. 594. (5) Non-intervention of a disinterested adviser and improvidence in the transaction are circumstances which show undue influence. *Cadwallader v. West*, 48 Mo. 483; *Hall v. Nappenberger*, 97 Mo. 509. (6) Fact that Glen Logan may not have participated in the fraud does not make the gift good. *Yosti v. Langbran*, 49 Mo. 594; *Rankin v. Patten*, 65 Mo. 378. (7) Persons who receive benefits when confidential relations exist must show that the grantor acted from independent and disinterested advice, or the deed is void. *Rankin v. Patten*, 65 Mo. 378 and 410; *Bradshaw v. Yates*, 67 Mo. 228; *Caspari v. Church*, 12 Mo. App. 13.

SHERWOOD, J.—Since this cause came to this court, and before its submission, the plaintiff has died and by consent the cause has been revived in the name of B. F. McCluney, administrator, and Fannie Morris, devisee of the former plaintiff.

By this proceeding in equity it is sought to set aside a deed made by Jemima Armstrong to the defendant, whereby, after reserving to herself a life-estate therein, the grantor conveyed to defendant by general warranty lot number 2 in Solomon's south addition to the town of Warrensburg.

This conveyance was made upon the expressed consideration of $1, never paid, and the deed further says: "This deed is made, executed, acknowledged and delivered by the party named as grantor herein and accepted by the grantee upon the express condition and agreement that the said grantor, Jemima Armstrong, is to have the full, free and absolute possession and control of all the above named premises for and during her natural life, with the right and privi-

lege to lease, sub-lease or let such premises in such manner as she may choose, and in all respects to do and exercise all such control and management of the same, as fully as though this deed had not been made, saving and excepting, that she shall have no right to sell, alien or incumber, or bind the same for any lease for longer than her natural life.

"As part consideration for the execution and delivery of this deed, the said Glen H. Logan covenants and agrees to pay Jemima Armstrong the sum of $4 per month, until the now existing lien on such premises, held by the Johnson County Building and Loan Association is fully paid off and discharged, which lien is not covered by the covenants of this deed."

The amount then owing by Jemima Armstrong to the building and loan association was shown by the evidence to be $255, and that the property thus conveyed was worth some $1,500.

At the hearing of the cause the defendant admitted in his testimony that "the deed was made for the purpose of securing me for whatever I might advance to her; I have paid out in all for her $32.85." Of this amount $4.68 was for the state and county taxes. At the instance of the defendant the court made a special finding of the facts in the case which is incorporated in the decree entered in behalf of Jemima Armstrong. This finding fully sustains the charges in the petition as to the existence of confidential relations, undue influence and circumvention arising therefrom or intimately connected therewith.

It is quite unnecessary to set forth the testimony at large; it is sufficient to say that there is ample evidence to support the decree and though there is testimony to the contrary, yet the lower court, seeing the demeanor of the witnesses, had for that reason many advantages we do not possess and therefore some

degree of deference should be accorded to the conclusion reached by that court.

The case in outline is this: The plaintiff, Mrs. Armstrong, nearly all her life had occupied the position of a servant in the family of Kirkpatrick in the state of Pennsylvania, in which family she was reared. Kirkpatrick was the uncle of Mrs. Logan, who was a Cress, and the families lived close together. The father of the defendant, A. B. Logan, who was a lawyer, had known plaintiff some thirty years, and after the removal of the Kirkpatricks to Missouri he became more intimately acquainted with her, and she naturally looked up to him as a friend and adviser, and he had transacted some business for her. Mrs. Logan, who was the wife of A. B. Logan, and the mother of defendant, as she herself testifies, was the "counselor and friend" of plaintiff, who was some fifty-seven years of age, of limited information and rather below the average in intelligence. In these circumstances she was induced to execute the deed in question, believing it to be a will. The consideration, as already seen, was wholly inadequate and besides was made by plaintiff without opportunity of obtaining independent and disinterested advice before making a conveyance which took away her little all, except a paltry life estate with no provision for paying taxes, providing for repairs or providing for her support.

In the circumstances thus briefly related, if believed to be true by the trial court, it was its clear duty to set aside the conveyance thus procured which it did do, after requiring the plaintiff to refund what money the defendant had expended.

The authorities cited on behalf of plaintiff fully support the views here expressed and we affirm the decree. All concur.